**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMERY L. FEDAK,

      Plaintiff,

v.                                    Case. No. 13-11058
                                         Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 28, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Plaintiff filed this action challenging the Defendant's final denial of Plaintiff's eligibility for disability benefits.  This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 18], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 9] be denied, and Defendant's Motion for Summary Judgment [dkt 14] be granted.  Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation [dkt 18] and Defendant filed a response [dkt 20].

The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, Plaintiff's objection and Defendant's response.  For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.  Plaintiff's

Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.  The Court will, however, briefly address Plaintiff's objection.

## II. LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence.  *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).  The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Id.*  Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam).  The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation.  Plaintiff first alleges the Magistrate Judge erred by not recommending remand due to the ALJ's failure to follow the treating physician rule.  Plaintiff asserts the ALJ should not have discounted

2

the views of Drs. Sriharan and Raap—Plaintiffs treating physicians—in issuing her ruling. Plaintiff alleges the ALJ's failure to consider and balance relevant factors to determine what weight should be accorded to the opinions of Plaintiff's treating physicians warrants remanding Plaintiff's claims.  Finally, Plaintiff asserts the ALJ failed to cite "any specific medical evidence" that is consistent with a finding of a light residual functional capacity ("RFC").

An analysis of the Magistrate Judge's Report and Recommendation, however, indicates that the Magistrate Judge and ALJ addressed each of these issues.  The ALJ did not "reject the opinions" of Plaintiff's treating physicians; as indicated by the Magistrate Judge, the ALJ found substantial evidence of contradictory evidence in the record, and therefore gave the treating physician's opinions the same weight as any other piece of evidence.  Although Plaintiff claims the ALJ improperly disregarded the findings of her treating physicians concerning Plaintiff's disability limitations, issues concerning the definition of "disability" are not for Plaintiff's physicians to decide.  *See* 20 C.F.R. § 404.1527(d)(1–3).  As such, the Court finds as unconvincing Plaintiff's objections regarding the weight given by the ALJ to the evidence from Plaintiff's treating physicians.

Plaintiff's second objection deals with the ALJ's evaluation of Plaintiff's credibility. Plaintiff alleges the ALJ failed to make any specific finding that Plaintiff's activities contradicted his allegations.  Plaintiff alleges this lack of detail warrants remand, as it is not the duty of the Court to weigh evidence and make determinations of fact that should have been made by the ALJ.  Finally, the Plaintiff asserts his activities do not provide the substantial evidence needed to support the ALJ's finding of a light work RFC.

The Magistrate Judge indicates that the ALJ considered Plaintiff's daily activities, along with numerous other factors, including the type of pain Plaintiff had, aggravating factors of that

pain, the medication and side effects of medication Plaintiff was on, other treatments available to Plaintiff, and any other measures Plaintiff used to relieve the pain. The ALJ, based on analyzing these factors, found that Plaintiff could perform light work. The Magistrate Judge gives a detailed description of the substantial evidence used by the ALJ to come to such a finding, including evidence from the record that would support the ALJ's findings that Plaintiff is less than fully credible. The Court finds this analysis provides exactly the sort of "specific findings" Plaintiff alleges the ALJ failed to make. Additionally, the Court finds the detail provided by the ALJ and the Magistrate Judge are sufficient to demonstrate substantial evidence exists within the record to support the ALJ's findings.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt 18]. Plaintiff's Motion for Summary Judgment is DENIED [dkt 9] and Defendant's Motion for Summary Judgment is GRANTED [dkt 14].

IT IS SO ORDERED.

s/Lawrence P. Zatkoff

Date: February 28, 2014          HON. LAWRENCE P. ZATKOFF
                                 UNITED STATES DISTRICT JUDGE

4